



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 11, 1939

Hon. Edgar Pfeil
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. O-773
Re: May a regular full-time deputy
sheriff accept compensation for
keeping order at a dance?

Your request for an opinion on the above
stated question has been received by this office.

Your letter reads, in part, as follows:

"Can a regular full-time deputy
sheriff, of a county operating under the
Salary Law, accept compensation from a
committee in charge of a public celebration
and public dance within such county for
staying around such celebration and dance
from eight p.m. to two a.m. for the pur-
pose of keeping order and being immediate-
ly available in the event a disturbance
should take place."

Articles 36 and 37 of the Code of Crimin-
al Procedure read as follows:

Article 36: "The following are 'peace
officers' the sheriff and his deputies,
constable, the marshal or policeman of an
incorporated town or city, the officers,
non-commissioned officers and privates of
the State ranger force, and any private
person specially appointed to execute crim-
inal process."

Article 37: "It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall, in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried."

The compensation of public officers is fixed by the constitution and statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance for the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer by his acceptance thereof is deemed to have engaged to perform them without compensation. Terrell v. King, 14 SW (2d) 786; McCalla v. City of Rockdale, 246 SW 654; Texas Jur, Volume 34 page 531.

We quote from the opinion of the court of Criminal Appeals in the case ex parte Preston 161 SW 115, as follows:

"It is the purpose of the law that peace officers shall do everything necessary to prevent, suppress, and punish crime."

If the deputy sheriff or any other peace officer of the county is present at the celebration and dance, it would be his duty under article 37, Code of Criminal Procedure, supra, to preserve the peace. The act of preserving the peace would be within the scope of his official duties.

As already mentioned, an officer is not entitled to receive any compensation for his official services other than that which has been provided by law. He may not recover from third persons compensation for the performance of an act within the scope of his official duties; and effect will not be given to a contract whereby he is to receive from the county or from third persons a different, or a greater or less compensation for his official services than that which has been prescribed by law.

Crosby County Cattle Co. v. McDermitt 281 SW 293;

Kasling v. Morris 9 SW 739;

Lattimore v. Tarrant County 124 SW 205;

Gulf, C. & S.F.R. Co. v. Ume 27 SW 110.

The case of Stringer v. Franklin County, 123 SW 1168 held in effect that where the law fixes the compensation which an officer is to receive for given services, or imposes upon him the duty of performing his service without specifically fixing any compensation therefor, he cannot lawfully contract or receive from any other source any additional compensation.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that a deputy sheriff who preserves the peace at a public celebration and dance would be acting within the scope of his official duties and would not be entitled to receive extra compensation

Hon. Edgar Pfeil, May 11, 1939, Page 3

from the county or from third persons, a different, or a greater or less compensation for his official services than that which has been prescribed by law.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Willi_

Ardell Williams
Assistant

AW:cmb

APPROVED:

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN